**BORDEN, INC., et al., Plaintiffs,**

**v.**

**SPOOR BEHRINS CAMPBELL & YOUNG, INC., et al., Defendants.**

**No. 89 Civ. 8645(WCC).**

United States District Court,
S.D. New York.

April 26, 1990.

Bressler, Amery & Rothenberg, New York City, for plaintiffs; Noel C. Crowley, Bernard Bressler and Robert Brantl, of counsel.

Sullivan & Cromwell, New York City, for defendants First Interstate Bank, Ltd. and First Interstate Investment Services, Inc.; Philip L. Graham, Jr., of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

This securities action is presently before the Court on the motion of defendants First Interstate Bank, Ltd. and First Interstate Services, Inc. to dismiss the complaint as against them for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, defendants' motion is denied.

## BACKGROUND

The complaint in this action alleges, *inter alia,* various fraudulent and corrupt practices in connection with the sale of

securities in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b–5 of the Securities and Exchange Commission. The complaint identifies as the primary violator of that statute and rule, Spoor Behrins Campbell & Young, Inc. ("SBCY"), a firm of investment advisors. The complaint also identifies the moving defendants as successive parent corporations and sole stockholders of SBCY during the relevant time periods, asserting "controlling person" liability pursuant to Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). The complaint further alleges that the moving defendants lent money to some class members and that they knew that SBCY received fees from some of the partnerships in which class members invested.

## DISCUSSION

### I. Motion to Dismiss Standard

██ A motion to dismiss for failure to state a claim tests only the sufficiency of a complaint, see Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), and should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102–103, 2 L.Ed.2d 80 (1957); Anderson v. Coughlin, 700 F.2d 37, 40 (2d Cir.1983). A court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. See Scheuer, 416 U.S. at 236, 94 S.Ct. at 1686. Viewing plaintiff's complaint in such favorable light, the Court denies defendants' motion to dismiss.

### II. Sufficiency of the Allegation of "Controlling Person" Liability under Section 20(a) of the Exchange Act

██ Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), provides that,

[e]very person who, directly or indirectly, controls any person liable under any provision of [the Exchange Act] or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly induce the act or acts constituting the violation or cause of action.

The purpose of this provision is to impose secondary liability on one who controls a violator of the securities laws, and who fails to show that he acted in "good faith." Defendants argue that plaintiffs have failed to plead sufficiently the necessary elements of scienter and culpable participation to establish a prima facie claim of controlling person liability. Plaintiffs first refute the necessity of pleading these elements and, alternatively, maintain that they have satisfied those requirements if they do exist. For the following reasons, the Court agrees with plaintiffs that neither scienter nor culpable participation must be pleaded to state a claim for controlling person liability. Stating such a claim in the Second Circuit requires the pleading only of control status, i.e., that the controlling person directly or indirectly held the power to exercise control over the primary violator.

This question was resolved authoritatively in this Circuit by Marbury Management, Inc. v. Kohn, 629 F.2d 705, 716 (2d Cir.), cert. denied, 449 U.S. 1011, 101 S.Ct. 566, 66 L.Ed.2d 469 (1980), which held that in controlling person liability cases, once control status is established, it becomes the defendant's burden to prove that he acted in good faith. On the basis of this Second Circuit Court ruling, four district court decisions have explicitly rejected the argument defendants now advance.

The most recent decision, In re Citisource, Inc. Secur. Litigation, 694 F.Supp. 1069, 1076 (S.D.N.Y.1988), crystallized the impact of Marbury Management that "the burden is on the defendant to show that he is not culpable, rather than on the plaintiff to show that the defendant is culpable" and rejected the alleged controlling party's claim that scienter is a necessary pleading element of Section 20(a) liability.

Another case which rejected defendants' proposition is *Terra Resources I v. Burgin*, 664 F.Supp. 82 (S.D.N.Y.1987), in which Judge Sweet's response, later quoted with approval by Judge Goettel in *Citisource*, was as follows:

[I]t would seem imprudent to construct a pleading requirement that demands that plaintiffs anticipate and negate an alleged controlling person's good faith defense by pleading detailed facts to show the controller's culpability.

*Id.*, 694 F.Supp. at 1077. The ruling in *Terra Resources* was further based on the reasoning that the imposition of exacting scienter pleading requirements would run contrary to the settled rules of pleading with respect to affirmative defenses, especially in light of "this Circuit's practice of reading the 'controlling person' provisions expansively." *Id.*, 664 F.Supp. at 88.

Yet another case rejecting a stringent pleading requirement is *Polycast Technology Corp. v. Uniroyal*, [Current] Fed.Sec.L. Rep. (CCH) ¶ 94,005, 1988 WL 96586 (S.D. N.Y.1988). Judge Walker's opinion that "a plaintiff need not plead scienter when alleging controlling person liability" fully accords with the above cases.

Lastly and also squarely on point, *Savino v. E.F. Hutton & Co.*, 507 F.Supp. 1225, 1243 (S.D.N.Y.1981), ruled that in view of *Marbury Management's* statement that a *prima facie* Section 20(a) case requires only proof of control by status, it is evident that a plaintiff need only allege control by status in order to state a Section 20(a) claim. In that case, Judge Ward explained the evolutionary process by which the Second Circuit has reached conformity with the weight of controlling person liability cases from other circuits. The *Savino* opinion recognizes that in the past, some courts "viewed the good faith component to be a part of the plaintiff's case under Section 20(a), and hence refused to impose liability unless plaintiff showed that the alleged controlling person exercised *actual control* over the controlled person in rela-

tion to the transaction in question.... [namely], the absence of good faith." *Id.* at 1242–43. The court concluded that,

Today, however, it is fairly well agreed that proof of "control by status," as distinct from "actual control," is all that is required to make out a *prima facie* case under Section 20(a). It has been said that proof of control by status creates a presumption of "control" within the meaning of Section 20(a), which presumption can be rebutted if the alleged controlling person proves an absence of actual control. *See* Comment, *supra*, 15 Cal.W.L.Rev. at 161. In the Court's view, the Court of Appeals for this Circuit adopted precisely this view with its recent decision in *Marbury Management, Inc. v. Kohn*, 629 F.2d 705 (2d Cir.), *cert. denied*, [449] U.S. [1011], 101 S.Ct. 566, 66 L.Ed.2d 469 (1980).

*Id.* at 1243.[1]

Another case, *Drobbin v. Nicolet Instrument Corp.*, 631 F.Supp. 860, 885 (S.D.N.Y. 1986), held on a substantive motion that in accordance with *Marbury Management*, scienter is not an element of controlling person liability unless the defendant invokes the "good faith" defense: "[t]o the extent that there is any scienter requirement for such liability, it arises only in the context of that statutory defense."

Defendants' reliance on a separate line of authorities is misplaced. Neither *Lanza v. Drexel & Co.*, 479 F.2d 1277 (2d Cir.1973), nor *Gordon v. Burr*, 506 F.2d 1080 (2d Cir.1974), discuss pleading requirements but interpret the substantive elements of proof needed to recover on the merits after a good faith and lack of scienter defense has been duly presented. The *Lanza* decision concerns culpable participation in the context of what a plaintiff must ultimately prove after all elements of the case have been duly presented for adjudication. *Lanza*, 479 F.2d at 1280. *Gordon* too is an appellate decision based upon a lower court determination rendered after a non-jury trial on the merits. *Gordon*, 506 F.2d at

**1.** *See Savino*, 507 F.Supp. at 1243, n. 21 listing the numerous authorities in agreement with the

Second Circuit's rationale.

1081. Insofar as the cases might be construed more broadly, they are superseded by the more recent *Marbury Management* decision.[2]

Another case cited by defendants, *Index Fund, Inc. v. Hagopian*, 609 F.Supp. 499 (S.D.N.Y.1985), is equally inapposite. This case, decided expressly on summary judgment, discussed what a plaintiff in a controlling person liability action must show to prevail on the merits after a good faith defense has been presented, not what a plaintiff must allege to state a claim. *Id.* at 506.

Defendants do, however, point to a line of cases which appear to support their position that section 20(a) imposes strict pleading requirements. While these cases address the pleadings, they misconstrue the applicable caselaw by applying *Lanza* and *Gordon*'s substantive rules instead of those set forth in *Marbury Management. See e.g., Friedman v. Arizona World Nurseries Ltd.*, 730 F.Supp. 521, 534 (S.D.N.Y. 1990) (dismissing complaint because no scienter or culpable participation alleged); *Hemming v. Alfin Fragrances, Inc.*, 690 F.Supp. 239, 245 (S.D.N.Y.1988) (denying motion to dismiss because facts inferred culpable participation); *Harrison v. Enventure Capital Group, Inc.*, 666 F.Supp. 473, 478 (W.D.N.Y.1987) (dismissing complaint for insufficient allegations to satisfy "this Circuit's culpable participation standard"); *O'Connor & Assocs. v. Dean Witter Reynolds, Inc.*, 529 F.Supp. 1179 (S.D.N.Y.1981) (dismissing complaint against alleged controlling person because it asserted "no facts as to knowledge or reckless disregard of the facts"). Nothing in these opinions suggests that the courts or the parties considered *Marbury Management's* significance for pleading purposes or recognized that knowledge and culpability issues are *affirmative defenses* rather than elements of a *prima facie* case.

Comparing the *Citisource, Terra Resources, Polycast,* and *Savino* decisions with defendants' suggested authorities, it

is clear that the former are better reasoned and give proper attention to the *Marbury Management* decision. *See Polycast Technology, supra,* at ¶ 94,005 (noting the divided decisions of this Court, Judge Walker concluded that a *prima facie* case did not require pleading of scienter or "good faith"). This Court concludes that in this Circuit, "good faith" and lack of scienter is recognized as an affirmative defense under Section 20(a) and that a plaintiff therefore need allege only control status to make out such a claim.

■ This pleading determination does not conflict with the statute's aim to hold liable only those controlling persons "who are in some meaningful sense culpable participants in the fraud perpetrated by controlled persons." *See Lanza,* 479 F.2d at 1299; 78 Cong.Rec. 8668, 8669 (1934) (Memorandum of Sen. Fletcher) ("The mere existence of control is not made a basis for liability unless that control is effectively exercised to bring about the action upon which liability is based."). Defendants simply bear the burden of proving that, despite their sole stock ownership, they were not culpable participants in the alleged fraudulent scheme of SBCY.

### III. Control Status

■ Plaintiffs allege control person liability on the basis of defendants' (i) successive sole stock ownership of SBCY; (ii) loans to individual investors; and (iii) knowledge that SBCY was deriving income from some recommended ventures. Defendants maintain that these grounds, considered individually or collectively, do not suffice to show control by status.

While there is no statutory definition of "control," the SEC has defined "control" as "the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." 17 C.F.R. § 240.12(b)–2(f). Congress deliberately did not define "control," *see* H.R.

---

**2.** That *Gordon* was decided prior to *Marbury Management* is noted in *Citisource,* 694 F.Supp. at 1076.

Rep. No. 1383, 73rd Cong., 2d Sess. 26 (1934), to allow courts to decide issues of control status on a case-by-case basis. *See Rochez Bros. v. Rhoades*, 527 F.2d 880, 890 n. 19 (3d Cir.1975). Plaintiffs' allegation that defendants were sole shareholders of SBCY clearly meets this standard. Defendants' positions strongly suggest that they had the potential power to influence and direct the activities of SBCY. Giving plaintiffs the benefit of all reasonable inferences, as a court must on a motion to dismiss, plaintiffs have sufficiently stated control status and therefore, a Section 20 claim.

## CONCLUSION

For the above-stated reasons, defendants' motion to dismiss for failure to state a claim upon which relief may be granted is denied.

SO ORDERED.