Robert HALL, Plaintiff,

v.

Robert E. RUGGERI, John Reilly, Sue H.R. Adler, Charles Norfleet, Gerald P. Clark, Valorie A. Burke, Donald Whitaker, James L. Campbell, Cynthia Preiser, Sean McLaughlin, Jay Cunningham, Albany County District Attorney's Office, Albany County Sheriff's Department, New York State Office of Inspector General, New York State Department of Environmental Conservation, New York State Attorney General's Office/Department of Law, Defendants.

No. 93–CV–703.

United States District Court, N.D. New York.

Jan. 18, 1994.

Robert Hall, pro se.

Robert Abrams, Atty. Gen. of State of N.Y. Albany, NY (Sue Adler, Asst. Atty. Gen., of counsel), for defendants Robert Ruggeri, Sue H.R. Adler, Charles Norfleet, Gerald P. Clark, New York State Office of Inspector Gen., New York State Dept. of Environmental Conservation, New York State Atty. Gen.'s Office/Dept. of Law.

Cusick, Hacker & Murphy, Latham, NY (Roger J. Cusick, of counsel), for defendant John Reilly, Donald Whitaker, James L. Campbell, Cynthia Preiser, Sean McLaughlin, Albany County Dist. Atty.'s Office, Albany County Sheriff's Dept.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

Plaintiff Robert Hall, appearing *pro se,* commenced the instant action on June 1, 1993. The gravamen of plaintiff's complaint is that the various defendants, by and through their agents, deprived him of his constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution by subjecting plaintiff "to false arrest, false imprisonment, placed in jail without bail, malicious prosecution, discriminatory prosecution, illegal search and seizure, violation of [his] due process of law rights and violation of [his] right to equal protection of the law." (Complaint ¶¶ 6, 8, 9).

## I. BACKGROUND

Plaintiff's complaint and supporting papers present a voluminous labyrinth of vague claims against the named defendants. Instead of listing the alleged personal involve-

ments of each defendants at this juncture of the court's opinion, the court will address such involvements, if needed, when analyzing the liability of the individual defendants, *infra*.

Suffice it to say, the plaintiff has labeled all named defendants as "white racist, deranged, psychotic persons with neo-nazi, mafia, racketeering, organized crime, white supremacist and fascist (Nazi Germany and fascist Italy) philosophies." (Complaint ¶ 8). The plaintiff further alleges that the defendants undertook illegal actions against him—discharge from employment—in retaliation for exposing the on-going corruption at the New York State Department of Environmental Conservation.

## II. PRESENT MOTIONS

All defendants have moved for dismissal under various subsections of Rule 12(b) of the Federal Rules of Civil Procedure.

Specifically, defendants Robert Ruggeri, Sue H.R. Adler, Charles Norfleet, Gerald P. Clark, New York state Office of Inspector General, New York State Department of Environmental Conservation, New York State Attorney General's Office/Department of Law (collectively, the "State"), move for dismissal under Fed.R.Civ.P. 12(b)(1) citing the Eleventh Amendment's sovereign immunity clause as a basis for their motion. They also move to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) claiming that plaintiff has failed to state a claim upon which relief may be granted.

Defendants John Reilly, Donald Whitaker, James L. Campbell, Cynthia Preiser, Sean McLaughlin, Albany County District Attorney's Office, Albany County Sheriff's Department move for dismissal under Fed.R.Civ.P. 12(b)(6) or in the alternative, move for summary judgment pursuant to Fed.R.Civ.P. 56.

Both motions were originally noticed for September 13, 1993 in Albany, New York. After being adjourned several times for various reasons, the court now takes these motions on a submission basis.

For the following reasons, defendants' motions are granted in their entirety.

## III. DISCUSSION

### A. State Defendants

■ The State defendants have moved to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), alleging that the Eleventh Amendment bars plaintiff's suit. Furthermore, the State defendants move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for plaintiff's failure to state a viable cause of action.

As stated earlier, this motion was originally returnable on September 13, 1993. Since the filing of the motion, the matter has been adjourned four times. On October 4 and 26, 1993, final adjournment notices were sent to the parties. The content of these notices contained a warning, in simple layman terms, that if opposition papers were not filed in a timely fashion it may result in the granting of the relief requested. Plaintiff had ample time and warning to oppose the State defendants' motion to dismiss and yet failed to do so. Therefore, the State defendants' motion to dismiss is granted in its entirety. More specifically, the State defendants are dismissed from this lawsuit pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and the State officers, in their individual capacities, are dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This court is mindful of the fact that the court rules are enforced less stringently when dealing with a *pro se* litigant. *Platsky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir.1991) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980) (per curiam)). In the instant case, however, all possible leeway was given to the plaintiff, and he had over three months to file the required papers. Thus, plaintiff's *pro se* status will not save him in the case at bar.

### B. County Defendants

On a motion to dismiss for failure to state a claim, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.

1985) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see also Branum v. Clark,* 927 F.2d 698 (2d Cir.1991). Further, the allegations in a complaint are deemed to be true and must be liberally construed in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1099 (2d Cir.1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989). While the court need not accept mere conclusions of law, the court should accept the pleader's description of what happened along with any conclusions that can reasonably be drawn therefrom. *Murray v. City of Milford,* 380 F.2d 468 (2d Cir.1967).

■ The court notes its obligation to afford plaintiff every favorable inference arising from his *pro se* status, as well as from his position as non-movant on this motion. Because *pro se* plaintiffs are often unfamiliar with the formalities of the pleading requirements, "the Supreme Court has instructed the district courts to construe *pro se* complaints liberally and to apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing a pleading submitted by counsel." *Platsky,* 953 F.2d at 28; *see also Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam). Therefore, plaintiff, as a *pro se* litigant, "should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Satchell v. Dilworth,* 745 F.2d 781, 785 (2d Cir.1984).

Still, the court's inquiry must be directed to whether the allegations constitute a sufficient statement of claim. Under the liberal rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed.R.Civ.P. 8(a)(2), and "all pleadings shall be so construed to do substantial justice." Fed.R.Civ.P. 8(f). It is in light of these considerations that plaintiff's complaint is examined.

#### 1. Albany County DA's Office and Sheriff's Department

■ The standard for municipal liability under § 1983 was enunciated in *Monell v.* *New York City Dept. of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Monell,* the Supreme Court opined that, under § 1983, Congress had not intended to expose municipalities to *respondeat superior* liability for all misdeeds by municipal employees. *Id.* at 691, 98 S.Ct. at 2036. Rather, liability would attach to municipalities only when "the execution of a *government's policy or custom,* whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694, 98 S.Ct. at 2038 (emphasis added). The municipality may also be liable under § 1983 for failure to train or supervise its employees. *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The *Harris* Court stated that a claim for inadequate training will survive only if "the failure to train amounts to *deliberate indifference* to the rights" of those whom the employees may come into contact with. *Id.* at 388, 109 S.Ct. at 1204 (emphasis added).

■ The plaintiff has failed to adequately allege any of the above requirements with respect to both municipal defendants. The only pertinent allegation made by the plaintiff regarding the DA's Office is that it "has a pattern and practice of subjecting black defendants to discriminatory treatment" in violation of the laws, and also that it has "degenerated into a neo nazi, white supremacist organization." (Complaint ¶¶ 13, 14). Such conclusory and unsupported allegations are classic examples of "a litany of general conclusions that shock but have no meaning," and courts have clearly stated that such allegations are insufficient to withstand a motion to dismiss. *See Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987). Consequently, the DA's Office is dismissed from the instant lawsuit.

The plaintiff has managed to allege even less against the Albany Sheriff's Department. The complaint is void of any allegation that the Sheriff's Department had a policy or custom of violating one's constitutional rights, nor does the complaint allege that the

Sheriff's Department inadequately trained its police officers. The analysis applied to the DA's office applies with equal force to the Albany Sheriff's Department, and thus, the Sheriff's Department is also dismissed as a defendant in the instant action.

### 2. Assistant District Attorneys

When a § 1983 plaintiff seeks to impose personal liability on a state or local official, that official may be able to assert an immunity defense from prosecution. Martin A. Schwartz & John E. Kirklin, Section 1983 Litigation: Claims, Defenses and Fees § 9.1 (2d ed. 1991). Although most public officials are afforded only qualified immunity, some have been afforded absolute immunity. The Supreme Court has recognized that some public official functions are "special" in nature and thus, must be afforded absolute immunity from personal monetary liability. *Buckley v. Fitzsimmons*, — U.S. —, —, 113 S.Ct. 2606, 2613, 125 L.Ed.2d 209 (1993) (quoting *Butz v. Economou*, 438 U.S. 478, 506, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978)). One of these so-called "special functions" is prosecution. Prosecutors are absolutely immune from § 1983 liability when performing functions that are "intimately associated with the judicial phase of the criminal process," including but not limited to "initiating a prosecution and ... presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). Absolute prosecutorial immunity is based on the "concern that harassment from unfounded litigation would cause [the prosecutor to] ... shade his decisions instead of exercising the independence of judgement required by his public trust." *Id.* at 423, 96 S.Ct. at 991. The courts have limited absolute prosecutorial immunity to advocacy functions, reserving only qualified immunity for investigative and administrative functions. *See Robison v. Via*, 821 F.2d 913, 918 (2d Cir.1987). Advocacy functions include, but are not limited to, deciding whether or not to prosecute a given case, plea bargaining, and carrying out factual investigations in prepa-

ration for a case. Martin A. Schwartz & John E. Kirklin, *supra*, at § 9.8.

In the case at bar, plaintiff has claimed that defendant assistant district attorneys Reilly, Preiser, and McLaughlin "conspired with the other defendants to subject the plaintiff to false arrest, false imprisonment, illegally excessive bail, malicious prosecution, illegal search and seizure [and] illegal confinement ... in violation of the U.S. Constitution." (Complaint ¶ 13).

Plaintiff specifically contends that defendant McLaughlin presented a "fabricated charge" and offered plaintiff a questionable plea bargain knowing that the prosecutor would not be able to prove the original charge, and that the said defendant with defendant Reilly, with full knowledge, nevertheless sent the charge to the grand jury for indictment after the plea was rejected by plaintiff. (Complaint ¶ 15–16). Plaintiff further claims that defendant Preiser requested bail for plaintiff in excess of what a court order required. (Complaint ¶ 18).

All these alleged actions made by defendant prosecutors were lawfully made within their prosecutorial capacity and were "intimately associated with the judicial phase of the criminal process." As such, the defendant prosecutors are entitled to absolute immunity from § 1983 liability, and therefore, defendants Reilly, Preiser and McLaughlin are dismissed from this lawsuit.

### 3. Sheriff Department Employees

Defendants Campbell and Whitaker have also moved to dismiss plaintiff's claims against them. An examination of their moving papers, however, reveal that they rely on evidence outside plaintiff's complaint—i.e. affidavits—and thus, the court considers the present motion to be made pursuant to Fed. R.Civ.P. 56.[1]

Rule 56(c) provides that the court may grant summary judgment where there are no genuine issues of material fact for trial. Fed.R.Civ.P. 56(c). If there are no genuine issues, the movant is entitled to judgment as

---

1. The defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b) or in the alternative, pursuant to Fed.R.Civ.P. 56.

a matter of law. When the movant meets this standard, the opposing party must present sufficient facts to demonstrate that there exists some genuine issues of material fact in order to defeat the movant's motion for summary judgment. An issue is *genuine* if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must view the evidence in light most favorable to the party opposing the motion. *See Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1187 (2d Cir.1987).

When the opposing party bears the ultimate burden of proof on a particular issue, such party may defeat a properly supported summary judgment motion by producing specific facts which demonstrate a genuine issue of material fact on that issue. *See Montana v. First Federal Savings and Loan Assoc. of Rochester*, 869 F.2d 100, 103 (2d Cir.1989); *see also Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990). Here, plaintiff bears the ultimate burden of proof.

 Defendants Campbell and Whitaker have advanced separate theories for their motion for summary judgment. Defendant Campbell contends that he should not be liable under § 1983 because he is being sued purely in his supervisory capacity. (Deft.Mem. at 4). He contends that because he had no personal involvement in the day to day activities of plaintiff Hall, and because § 1983 does not recognize *respondeat superior* liability, summary judgment should be granted in his favor. Defendant Whitaker, on the other hand, does acknowledge some personal involvement with the plaintiff; personal involvement occurred when he presided over a disciplinary hearing involving the plaintiff. It is defendant Whitaker's contention that although personal involvement was present during the disciplinary hearing, plaintiff was nevertheless afforded all of his constitutional protection, and thus, summary judgment should be granted in his favor. The court agrees with both of defendants' contentions.

Defendant Campbell has submitted an affidavit which evidences his purely supervisory involvement with plaintiff. (Campbell Affdvt.

at ¶¶ 2, 3, 4). As previously stated, § 1983 does not give rise to supervisory liability. *See Monell*, 436 U.S. at 691, 98 S.Ct. at 2036. Thus, plaintiff will not be able to survive the present motion for summary judgment unless he submits some evidence which would create a genuine issue of fact as to the personal involvement of defendant Campbell. *See Montana*, 869 F.2d at 103; *see also Thompson*, 896 F.2d at 720. Even if the facts are looked at in light most favorably to plaintiff, plaintiff has failed to submit any such evidence, and thus, summary judgment must be granted in favor of defendant Campbell.

 Defendant Whitaker, on the other hand, has acknowledged one instance where he was in fact personally involved with plaintiff. (Whitaker Affdvt. ¶ 6). In his affidavit, defendant Whitaker states that his "only contact with inmate Robert Hall was to preside over a disciplinary hearing involving him." (Whitaker Affdvt. ¶ 6). This fact does not affect the outcome of this case however, because plaintiff has, again, failed to put into evidence any facts which would dispute defendants contention that he, as the hearing officer, followed all procedural safeguards during the said proceeding. Such failure on plaintiff's part results in the dismissal of his claim against defendant Whitaker since there is no genuine issue of fact as to whether plaintiff's constitutional rights were violated in the case at bar.

## IV. CONCLUSION

For the stated reasons, the motions to dismiss made pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) by defendants Robert Ruggeri, Sue H.R. Adler, Charles Norfleet, Gerald P. Clark, New York state Office of Inspector General, New York State Department of Environmental Conservation, New York State Attorney General's Office/Department of Law are granted. Furthermore, defendants John Reilly, Cynthia Preiser, Sean McLaughlin, Albany County District Attorney's Office, and Albany County Sheriff's Department are dismissed pursuant to Fed.R.Civ.P. 12(b)(6), and defendants Donald

**490**

Whitaker and James L. Campbell are dismissed pursuant to Fed.R.Civ.P. 56.

**IT IS SO ORDERED.**