Nicholas **NEUBAUER**, Gertrude Neubauer, Gwen Neubauer, Nicholas Neubauer as Trustee for Charlie Neubauer, Nathan C. Berro, David H. Harris, Jerome Lo Cascio, James R. Medlar, Rosario C. Pino, Donna M. Young, Charles Ferrara, Robert Ferrari, Anthony Fradella, Dr. and Ms. Sudarsanan Konka, Joseph Matassa, Ralph Molinari, Barbara Mugaas, and Kathleen Tallia, Frederick Wenzel, Josephine Scarzella, Thomas Pizzo, Thomas Hearne and John Does 1–10, Plaintiffs,

v.

**EVA–HEALTH USA, INC.,** Calman H. Rifkin and Mindy Rifkin, Defendants.

No. 94 Civ. 6050 (LAK).

United States District Court, S.D. New York.

Nov. 3, 1994.

282

Aurora Cassirer, Parker Chapin Flattau &
Klimpl, New York City, for plaintiffs.

Stuart I. Rich, Kudman, Trachten & Kessler, New York City, for defendants.

## OPINION

KAPLAN, District Judge.

This is a motion to dismiss a securities law complaint on the ground that it fails to allege fraud with particularity as required by Fed. R.Civ.P. 9(b).

### The Complaint

Count I of the seven count complaint alleges that plaintiffs in 1993 purchased warrants to acquire equity interests in defendant Eva–Health USA, Inc. ("Eva–Health"), a company said to have been in the biomedical device business, in reliance upon a written offering memorandum. (Cpt ¶¶ 28–29, 31, 34) The offering memorandum allegedly described defendant Calman H. Rifkin, Eva–Health's chairman and chief executive officer and the inventor of its product line, as a medical doctor and Ph.D. and stated that the technology for the company's products was protected by two patents. (*Id.* ¶ 31) Both of these statements allegedly were false; Rifkin is said to have held neither degree, and there were no patents. (*Id.* ¶¶ 31–32) Defendants allegedly knew that the statements were false or acted in reckless disregard of their truth. (*Id.* ¶ 33) Plaintiffs' investments allegedly have been rendered worthless as a result of this fraud. (*Id.* ¶ 37) In Count I, plaintiffs seek damages against Calman Rifkin and Eva–Health pursuant to Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) (1988), and Rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5 (1994). The remainder of the complaint contains variations on this theme.

Count II realleges the allegations of Count I and seeks recovery against Calman Rifkin and Mindy Rifkin, described as Eva–Health's corporate secretary, pursuant to Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a) (1988), for the company's alleged 10b–5 violation on the theory that they were controlling persons.

Count III realleges the allegations of Counts I and II and seeks rescission and rescissionary damages against Eva–Health and Calman Rifkin pursuant to Section 12(2) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77l (2) (1988). It contains

one additional assertion, however. Unlike Count I, Count III alleges that the purchases were induced by untrue oral communications as well as by the offering memorandum. (Cpt ¶ 45) There is no indication as to what the oral misrepresentations were or as to the persons by (other than Calman Rifkin) or to whom specifically they allegedly were made. Nor is there any indication of when the oral misstatements were made beyond the allegation that plaintiffs purchased the warrants during the period January 1 through December 31, 1993 (*Id.* ¶ 29).

Count IV seeks recovery against Calman Rifkin and Mindy Rifkin pursuant to Section 15 of the Securities Act, 15 U.S.C. § 77*o* (1988), on the theory that they are liable as controlling persons for the company's alleged Section 12(2) violation.

Counts V through VII are brought against all defendants and seek recovery on theories of common law fraud, negligent misrepresentation, and imposition of a constructive trust by reason of the alleged fraud. Each of these counts realleges the assertion, contained in paragraph 33 of the complaint, to the effect that the defendants made the alleged false representations with knowledge of their falsity or in reckless disregard of their truth. Each realleges the allegation, contained in paragraph 45 in Count III, of unspecified oral misrepresentations.

### The Offering Memorandum Claims

■ Rule 9(b) requires that "the circumstances constituting fraud or malice ... be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." It therefore requires a plaintiff alleging fraud "to specify the time, place, speaker, and content of the alleged misrepresentations." *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987); *see also Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986). If there are multiple defendants, each must be informed "of the nature of his alleged participation in the fraud." *DiVittorio*, 822 F.2d at 1247. Moreover, the complaint must allege facts giving rise to a strong inference of the defendant's culpable state of mind. *E.g., Kramer v. Time Warner Inc.*,

937 F.2d 767, 776 (2d Cir.1991); *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172–73 (2d Cir.1990).

■ In a securities case the "time, place and manner" requirements of Rule 9(b) ordinarily are satisfied when the alleged fraudulent statements or omissions were contained in a prospectus, offering circular or similar document if the complaint (a) clearly alleges what was wrong with, and (b) adequately ties each defendant to the statements in the document. *Luce v. Edelstein*, 802 F.2d at 55.

■ These requirements are satisfied here with respect to the claims based on the offering memorandum. The complaint alleges that the memorandum falsely claimed that Rifkin had both an M.D. and a Ph.D. and that Eva–Health possessed two patents that protected its product line. Calman Rifkin is alleged to have been chairman and chief executive officer of Eva–Health, which suffices to link him to the memorandum. *Luce*, 802 F.2d at 55 (no need to plead specific facts linking insiders such as officers and directors to particular misstatements in an offering memorandum). Accordingly, Count I and so much of the balance of the complaint as alleges claims against Eva–Health and Calman Rifkin based on the offering memorandum satisfy Rule 9(b).

■ While Mindy Rifkin is not sued on the federal claims except on a control person theory, she is sued as a principal on the common law claims, Counts V, VI and VII. Since her position as corporate secretary is sufficient to link her to the offering memorandum under *Luce*, the offering memorandum claims against her in these counts are sufficient.

### The Oral Misrepresentation Claims

■ In contrast, so much of the complaint as makes claims with respect to alleged oral misrepresentations is manifestly deficient. As noted, there is no indication as to what the alleged false representations were or when, by whom (other than Calman Rifkin) or to whom specifically they were made. While plaintiffs' brief asserts that the oral misrepresentations were the same as those in the offering memorandum, that

should be in the complaint and, even if the complaint were deemed amended to conform to plaintiffs' brief, the other defects would remain.[1]

### The Control Person Claims

The only factual allegations concerning control are the bald assertion that the Rifkins controlled Eva–Health, the assertion that Calman Rifkin was chairman, chief executive officer and founder of the company, and the contention that Mindy Rifkin was the corporate secretary.[2] Defendants argue that these allegations are insufficient to hold the Rifkins on a control person theory. Their argument raises at least two issues.

■ The first is whether a claim based on a control person theory is sufficient absent an allegation that the alleged controlling person was a culpable participant in the alleged violation. Judges in this circuit are divided on this issue,[3] but the better reasoned conclusion, in our view, is that no such allegation is required. Sections 20(a) of the Exchange Act and 15 of the Securities Act impose

liability on a controlling person for violations by a controlled person unless the controlling person acted in good faith and did not induce the violation. "[K]nowledge and culpability are not elements of a *prima facie* case; instead, their absence constitutes an affirmative defense." *Food & Allied Service Trades*, 841 F.Supp. at 1390. As Judge Sand has noted, "it would seem imprudent to construct a ... requirement that demands that plaintiffs anticipate and negate an alleged controlling person's good faith defense by pleading detailed facts to show the controller's culpability." *Id. citing Terra Resources v. Burgin*, 664 F.Supp. at 88.[4] Accordingly, even if this complaint were construed to lack a sufficient allegation of culpability on the part of the Rifkins, that omission would not be fatal to the controlling person claims.

■ The remaining question is whether the allegations suffice to state a claim that the Rifkins controlled Eva–Health in the relevant sense.[5] In our view, Rule 9(b) does not bear on this question, as the allegation of

1. Defendants assert that Rule 9(b) applies to all actions commenced under the Securities Act and the Exchange Act, arguing in consequence that the Securities Act claims as well as those under the Exchange Act should be dismissed.

   The elements of a claim under Section 12(2) of the Securities Act differ from those under Rule 10b–5 in at least one important respect. Section 12(2) imposes strict liability for material false statements or omissions, subject to statutory defenses, whereas Rule 10b–5 requires *scienter*. In consequence, a Section 12(2) claim need not contain averments of fraud and may not be subject to Rule 9(b). But Count I of this complaint alleges *scienter* on the part of all defendants. That allegation is incorporated by reference in each subsequent count, including those brought under the Securities Act. Since the Securities Act claims therefore in substance allege fraud, although they need not have done so, Rule 9(b) applies and they are assessed by the same standard as the Rule 10b–5 claim. *Drexel Burnham Lambert Group v. MicroGeneSys*, 775 F.Supp. 660, 666 (S.D.N.Y.1991); *see Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir.1987); *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 287 (3d Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992); *In re GlenFed Inc. Securities Litig.*, 11 F.3d 843 (9th Cir.1993).

2. There are allegations that the Rifkins were "officers and/or directors, as alleged above ..." (*E.g.*, Cpt ¶ 42). There is no direct assertion that Mindy Rifkin in fact was a director.

   In addition, the complaint alleges that Mindy Rifkin resides at the same address as Calman Rifkin. Given the infinite variations in human relationships, her place of residence adds nothing of significance to the allegation that she was controlling person.

3. *Compare Morse v. Weingarten*, 777 F.Supp. 312, 318 (S.D.N.Y.1991); *In re Par Pharmaceutical, Inc. Securities Litig.*, 733 F.Supp. 668, 679 (S.D.N.Y.1990); *Bernstein v. Crazy Eddie, Inc.*, 702 F.Supp. 962, 979 (E.D.N.Y.1988), *vacated in part on other grounds sub nom. In re Crazy Eddie Securities Litig.*, 714 F.Supp. 1285 (E.D.N.Y. 1989); *Harrison v. Enventure Capital Groups, Inc.*, 666 F.Supp. 473, 478 (W.D.N.Y.1987) (requiring allegation of culpability) *with Food & Allied Service Trades v. Millfeld Trading Co.*, 841 F.Supp. 1386 (S.D.N.Y.1994); *Borden, Inc. v. Spoor Behrins Campbell & Young, Inc.*, 735 F.Supp. 587 (S.D.N.Y.1990); *In re Citisource, Inc. Securities Litig.*, 694 F.Supp. 1069, 1076 (S.D.N.Y.1988); *Terra Resources I v. Burgin*, 664 F.Supp. 82 (S.D.N.Y.1987); *Savino v. E.F. Hutton & Co.*, 507 F.Supp. 1225, 1243 (S.D.N.Y. 1981) (holding no such allegation required).

4. Indeed, this is particularly true under Section 12(2) of the Securities Act, which does not require proof of culpability to begin with.

5. *See, e.g., Borden, Inc.*, 735 F.Supp. at 590; 17 C.F.R. § 240.12b–2 (1994).

control is not an averment of fraud and therefore need not be made with particularity. Nevertheless, a bare allegation of control would not suffice either, as the Court need not accept as true on a motion to dismiss allegations which amount simply to legal conclusions. *See Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987); *Hall v. Ruggeri,* 841 F.Supp. 484, 487 (N.D.N.Y.1994). The issue is whether the plaintiffs have alleged facts which, if true, would permit a trier of fact to conclude that the defendants controlled Eva–Health.[6] The allegations as to Calman Rifkin manifestly meet this standard. While the question is closer as to Mindy Rifkin, the allegation that she served as corporate secretary in our view is sufficient at this pleading stage.

### Conclusion

The motion to dismiss is granted insofar as it pertains to claims based on alleged oral misrepresentations and otherwise denied. Plaintiffs may file an amended complaint within twenty days after the date hereof.

SO ORDERED.

---

**6.** *See Food & Allied Service Trades,* 841 F.Supp. at 1391–92; *Borden, Inc.,* 735 F.Supp. at 590–91; *Terra Resources I,* 664 F.Supp. at 88–89; *Savino,* 507 F.Supp. at 1243–44.