Ron MIELE, On Behalf of Himself
And All Others Similarly
Situated, Plaintiff,

v.

Leslie S. GREYLING, Arthur S. Feher, Jr., Gene P. Feher, Andrew Tottenham, James R. Leone, Claude R. Kirk, Ian S. Caddie, Jorge Galvez, Jose Esquivel, Daniel Boyar and Members Service Corporation, Defendants,

and

Members Service Corporation,
Nominal Defendant.

No. 94 Civ. 3674 (WK).

United States District Court,
S.D. New York.

July 31, 1995.

Joseph J. Tabacco, Jr., Jared Stamell, and Michelle Rago, Stamell Tabacco & Schager, New York City, for plaintiff.

Arthur S. Feher, Jr., pro se.

James R. Leone, pro se.

*MEMORANDUM AND ORDER*

WHITMAN KNAPP, Senior District Judge.

This is a securities fraud class action and shareholders derivative suit. Plaintiff is suing defendants Arthur S. Feher, Jr. ("Feher") and James R. Leone ("Leone") (collectively, the "defendants") both as individuals and in their capacities as officers and directors of corporate defendant Members Ser-

vice Corporation ("MSC"), a Colorado holding company with principal offices in Florida. Feher and Leone each move *pro se* to dismiss for failure to state a claim and failure to join an indispensible party. For the reasons that follow, both motions are denied.

 Defendants predicate their arguments that plaintiff has failed to state claims against them as individuals upon representations contained in their motion papers and not in the complaint. The complaint alleges sufficient facts to make a prima facie case that defendants are individually liable as controlling persons under Section 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C.A. § 78t(a) (West 1981 & 1995 Supp.).[1] The Second Circuit has ruled that once a plaintiff has pleaded allegations which would support a finding of Section 20(a) liability, the burden of proving otherwise shifts to defendants in a later stage of the proceedings. *See Marbury Management, Inc. v. Kohn* (2d Cir.1980) 629 F.2d 705, 716. *See also Borden, Inc. v. Spoor Behrins Campbell & Young, Inc.* (S.D.N.Y.1990) 735 F.Supp. 587, 588. Accordingly, Feher's and Leone's motions to dismiss for failure to state a claim are denied.

 Defendants also move to dismiss based upon plaintiff's failure to name Irving J. Becker ("Becker"), MSC's former Chief Financial Officer, Vice President and Director, as a defendant under Fed.R.Civ.P. Rule 19. Defendants argue that Becker's absence from the litigation deprives them of information necessary to their defense and is otherwise inequitable.

With respect to defendants' claims of prejudice, courts have explicitly rejected the argument that knowledge of relevant information renders an individual an indispensible party. *See Costello Publishing Co. v. Rotelle* (D.C.Cir.1981) 670 F.2d 1035, 1044; *Mann v. Levy* (S.D.N.Y.1991) 776 F.Supp. 808, 814.

With respect to defendants' equity arguments, it is well-established that, where defendants are jointly and severally liable, a plaintiff may sue the defendants it deems fit; defendants omitted from such a suit are not indispensable parties. *See Kerr v. Compagnie De Ultramar* (2d Cir.1958) 250 F.2d 860, 863; *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.* (D.C.Cir.1981) 647 F.2d 200, 207. Plaintiff is suing Feher and Leone under Section 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C.A. § 78t(a) (West 1981 & 1995 Supp.), which establishes joint and several liability. Consequently, we find defendants' arguments that Becker is an indispensible party to be without merit.

For the reasons stated above, defendants' motions to dismiss for failure to state a claim and failure to name an indispensible party are hereby denied.

SO ORDERED.

---

1. 15 U.S.C.A. § 78t(a) (West 1981 & 1995 Supp.) provides: "Every person who, directly or indirectly, controls any person [corporate or natural] liable under the provision of this chapter * * * shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable."