Andrew STYLES, Plaintiff–Appellant,

v.

Glenn S. GOORD, Defendant–Appellee.

No. 05–2544–pr.

United States Court of Appeals,
Second Circuit.

Aug. 10, 2006.

Andrew Styles (pro se), Ogdensburg, N.Y. (on submission), for Plaintiff–Appellant.

Andrea Oser, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York (Kate Nepveu, of counsel), Albany, N.Y. (on submission), for Defendant–Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. PIERRE N. LEVAL and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Andrew Styles *pro se* appeals the district court's grant of summary judgment against his Complaint, which was brought under 42 U.S.C. § 1983. He also appeals the district court's denial of his motion to amend the Complaint. Styles alleges that he was infected with Hepatitis C in 1989 while confined at Wende Correctional Facility and claims that defendants violated his Eighth Amendment rights by causing or allowing him to contract his infection. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

We review the district court's grant of summary judgment *de novo*. *State Street Bank & Trust Co. v. Salovaara*, 326 F.3d 130, 135 (2d Cir.2003). A dispute regarding a material fact is genuine " 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Stuart v. American Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir.1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

We affirm the judgment of the district court for substantially the reasons given in its decision. The district court correctly held that Styles's § 1983 claim is barred by the statute of limitations, which expires three years from the date when Styles knew or had reason to know the basic facts of both his injury and its alleged cause. *See Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004). Although the district court incorrectly relied on N.Y. C.P.L.R. § 214–c(2) instead of federal law in calculating the accrual date of Styles's claim, *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002), the error is harmless as the applicable statute of limitations still bars Styles's claim.

We hold, however, that the district court abused its discretion in denying Styles's motion to amend his Complaint to add allegations that, from 1994 to 2003, defendants failed to treat his Hepatitis C. This Court has held that "[a] *pro se* plaintiff who brings a civil rights action should be 'fairly freely' afforded an opportunity to amend his complaint, even if he makes the request after the court has entered judgment dismissing his original complaint."[1] *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir.1984). Styles, proceeding *pro se*, should be afforded an opportunity to amend his complaint on the basis of these allegations, notwithstanding his procedural missteps. Styles's allegations, if proved, may suffice for a claim under § 1983 that "prison officials acted with deliberate indifference to [his] serious medical need." *McKenna v. Wright*, 386 F.3d 432, 436–37 (2d Cir.2004). Styles's proposed amendment, therefore, is not necessarily futile, and there is no argument on appeal that

---

1. In this case, plaintiff-appellant moved to file an amended Complaint before the grant of summary judgment and again asked to amend his Complaint after the judgment. Both requests were denied.

such an amendment will cause undue delay or prejudice, or that leave is sought in bad faith. *See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 87–88 (2d Cir.2002).

We have carefully considered all of Styles's other arguments and find them to be without merit. The judgment of the district court is therefore **AFFIRMED,** the order of the district court denying Styles's motion to amend his Complaint is **VACATED,** and the case is **REMANDED** to the district court to permit Styles to file an amended Complaint.