Walter BALKUM, 04–B–0527, Plaintiff,

v.

John P. LEONARD, Tom W. Turnbull,
K. Hulett, C.O. Meekus, Lt. Richir,
and John Doe, Defendants.

6:14–CV–6352 EAW

United States District Court,
W.D. New York.

Signed April 11, 2016

Walter Balkum, Comstock, NY, pro se.

Hillel David Deutsch, NYS Attorney General's Office, Department of Law, Rochester, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2014, Plaintiff Walter Balkum ("Plaintiff"), an inmate currently incarcerated at the Great Meadow Correctional Facility, filed this *pro se* action seeking relief under 42 U.S.C. § 1983, alleging that on June 17, 2011, Defendants Leonard, Hulett, Meekus, Turnbull, and a John Doe "physically attacked" Plaintiff while Plaintiff was in full mechanical restraints, causing physical, mental, and emotional injuries. (Dkt.1). Plaintiff also alleges that he informed Defendant Richir of the alleged attack, but Defendant Richir "failed to correct the wrong acts." (*Id.* at 7). Defendant Richir asserts that he was not informed of the underlying incident until Plaintiff was escorted to a picnic table following the use of force on June 17, 2011. (Dkt. 28–1 at ¶ 1). At that time, Defendant Richir claims that he arranged for Plaintiff to be taken to the infirmary for treatment. (*Id.* at ¶ 2).

Defendants Hulett, Leonard, Meekus, and Turnbull filed their answer to the complaint on October 31, 2014. (Dkt. 7).

Also on that date, Defendant Richir filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (Dkt.8).

The Court denied Defendant Richir's motion to dismiss on December 15, 2014, and granted Plaintiff's motion for an extension of time to identify a John Doe Defendant through discovery. (Dkt.10). Defendant Richir answered the complaint on December 16, 2014 (Dkt.11), and the parties commenced discovery before Magistrate Judge Jonathan Feldman (Dkt.12).

On February 23, 2016, Defendant Richir filed a motion for summary judgment. (Dkt.28). The Court set a scheduling order for the motion, requiring Plaintiff to file any papers in opposition to the motion on or before March 23, 2016. (Dkt.29). Plaintiff was advised in this order that "THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT AS TO DEFENDANT LT. RICHIR MAY BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THE MOTION by filing his own papers to the motion with his own sworn affidavits and other papers as required by Fed.R.Civ.P. 56(c)." (*Id.* at 1). To date, Plaintiff has failed to file responsive papers in accordance with the Court order and has not communicated with the Court to request an extension of time.

For the following reasons, Defendant Richir's motion for summary judgment is granted.

### II. DEFENDANT RICHIR'S MOTION FOR SUMMARY JUDGMENT

#### A. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Once the moving party has met its burden, the opposing party " 'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*' " *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir.2002) (quoting *Matsushita Elec.*, 475 U.S. at 586–87, 106 S.Ct. 1348) (emphasis in original). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

██ In addition, "[i]t is well-settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotations and citation omitted); *see also Hemphill v. New York*, 380 F.3d 680, 687 (2d Cir.2004) (alteration in original) (internal citation omitted) ("It is well-established that 'when [a] plaintiff proceeds *pro se* . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.' "). Moreover, "a *pro se* litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir.1984).

## B. Personal Involvement of Supervisory Official

██ "The Eighth Amendment . . . imposes duties on prison officials to 'take reasonable measures to guarantee the safety of the inmates' in their custody." *Munlyn v. Pietrie*, No. 13–CV–6170FPG, 2014 WL 3695488, at *6 (W.D.N.Y. July 24, 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "[T]o recover damages against supervisory officials for the acts of their subordinates, a plaintiff must show that the defendant's personal involvement caused the constitutional deprivation." *Beatty v. Davidson*, 713 F.Supp.2d 167, 176 (W.D.N.Y.2010).

Here, Plaintiff alleges in his first claim that he was physically attacked "while imprisoned in a DOCCS transportation bus . . . parked within Lakeview Shock Incarceration Facility," (Dkt. 1 at 6), and alleges in his second claim that "while within the Lakeview Shock Incarceration Facility" he advised Defendant Richir of the attack committed by his corrections officers (*id.* at 7). Both claims are listed as occurring on June 17, 2011 at 6:00 p.m. "within Lakeview Shock Incarceration Facility." (*Id.* at 6–7). Based on these allegations, the Court previously determined that Plaintiff had sufficiently alleged that Defendant Richir was personally involved in the underlying incident to survive a motion to dismiss. (Dkt. 10 at 7).

██ However, Plaintiff has since confirmed at his deposition that Defendant Richir was not present for the alleged beating, and was instead called after the fact to speak to the officers involved. (Dkt. 28–3 at 5:17–25, 6:1–8). Plaintiff has further testified that Defendant Richir spoke to Plaintiff following the alleged in-

cident and directed that Plaintiff be sent to the infirmary to treat his bleeding arm. (*Id.* at 7:16–25, 8:1).

Plaintiff has not responded to Defendant Richir's motion for summary judgment, and even viewing the facts in the light most favorable to Plaintiff, he has not established a genuine issue of material fact with respect to Defendant Richir's personal involvement in the underlying incident.

### C. Failure to Intervene

Similarly, the Court grants summary judgment in favor of Defendant Richir to the extent Plaintiff asserts a failure to intervene claim.

 "[A]ll law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir.1994). "In order to establish liability under this theory, a plaintiff must prove that the defendant in question (1) possessed actual knowledge of the use by another correction officer of excessive force; (2) had a realistic opportunity to intervene and protect the harm from occurring; and (3) nonetheless disregarded that risk by intentionally refusing or failing to take reasonable measures to end the use of excessive force." *Finley v. Perry*, No. 9:06–CV–1524 (FJS/ATB), 2010 WL 6427496, at *5 (N.D.N.Y. July 13, 2010).

In light of Plaintiff's concession that Defendant Richir was not present for the alleged beating and did not arrive until after the use of force was completed, there is no genuine issue of material fact that Defendant Richir had a "realistic opportunity to intervene and protect the harm from occurring." *Id.* at *5. Based on the evidence in the record, including Plaintiff's own admissions, Defendant Richir did not have such an opportunity.

Accordingly, Defendant Richir's motion for summary judgment is granted.

### IV. CONCLUSION

For the foregoing reasons, Defendant Richir's motion for summary judgment is granted. The Clerk of Court is directed to terminate Defendant Richir from the caption of the case.

SO ORDERED.