ELIZABETH A. WOLFORD, United States District Judge
INTRODUCTION
Plaintiff Antwan M. Green ("Plaintiff"), a prisoner previously confined at the Erie *22 County Holding Center ("ECHC"), filed a pro se complaint asserting claims under 42 U.S.C. § 1983. (Dkt. 1). The operative complaint in this action is Plaintiff's third amended complaint, filed on October 3, 2016. (Dkt. 29). Presently before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Sergeant Carney ("Defendant"). (Dkt. 37). For the reasons that follow, the motion is granted and Defendant is dismissed from this action with prejudice.
BACKGROUND
Defendant filed the instant motion to dismiss on July 24, 2017 (id. ), along with a memorandum in support of the motion (Dkt. 39). Plaintiff was pro se at the time the motion was filed. The Court issued a motion scheduling order on July 24, 2017, which set a deadline of August 21, 2017, for Plaintiff to respond in opposition to the motion and informed Plaintiff that the "claims Plaintiff asserts in his complaint may be dismissed as against Defendant without a trial if he does not respond to this motion." (Dkt. 40). Plaintiff did not file papers opposing the motion to dismiss. On October 24, 2017, Attorney Matthew A. Albert entered a notice of appearance on behalf of Plaintiff. (Dkt. 61).
DISCUSSION
I. Standard of Review
In considering a Rule 12(b)(6) motion to dismiss, a court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." Nechis v. Oxford Health Plans, Inc. , 421 F.3d 96, 100 (2d Cir. 2005). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." Ruotolo v. City of New York , 514 F.3d 184, 188 (2d Cir. 2008) (citation omitted). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ; see also Nielsen v. Rabin , 746 F.3d 58, 62 (2d Cir. 2014) ("The plausibility standard is not akin to a probability requirement.... A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." (internal quotation marks and citations omitted) ).
"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly , 550 U.S. at 555, 127 S.Ct. 1955 (alteration and citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki , 516 F.3d 50, 56 (2d Cir. 2008) (internal quotation marks and alteration omitted).
In addition, "[i]t is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." Green v. United States , 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted); see also *23 McEachin v. McGuinnis , 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen [a] plaintiff proceeds pro se ... a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, "a pro se litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Satchell v. Dilworth , 745 F.2d 781, 785 (2d Cir. 1984). "Even in a pro se case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' " Chavis v. Chappius , 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v. Mills , 572 F.3d 66, 72 (2d Cir. 2009) ). A court may not "invent factual allegations that [plaintiff] has not pled." Id.
A failure to respond to a motion to dismiss pursuant to Rule 12(b)(6) cannot constitute "default" justifying dismissal of the complaint. McCall v. Pataki , 232 F.3d 321, 322 (2d Cir. 2000). "[A]though a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." Id. at 322-23. Thus, "[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." Id. at 323.
II. Application
Defendant contends that he should be dismissed from this action because Plaintiff's complaint contains no substantive allegations against him. (Dkt. 39 at 2). Plaintiff names Defendant in the caption of his complaint and in the list of defendants. (Dkt. 29 at 1, 5). Defendant is not otherwise mentioned by name in the complaint. Defendant argues that Plaintiff has not sufficiently alleged Defendant's personal involvement in the alleged constitutional deprivations. (Dkt. 39 at 2); see Colon v. Coughlin , 58 F.3d 865, 873 (2d Cir. 1995) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted) ).
Defendant requests that the Court dismiss him as a defendant in this action with prejudice because "Plaintiff has[ already] received much guidance from the Court." (Dkt. 39 at 3). In its initial screening order regarding Plaintiff's original complaint, the Court explained that some of Plaintiff's claims would be dismissed unless Plaintiff filed an amended complaint. (Dkt. 4). With respect to Plaintiff's conditions of confinement claim, for example, the Court explained that Plaintiff had failed to state facts showing the personal involvement of the defendant he sought to hold responsible for that claim. (Id. at 5). After Plaintiff filed an amended complaint, the Court issued an order directing Plaintiff to file a second amended complaint and providing specific instructions as to how Plaintiff should proceed. (Dkt. 13). Plaintiff filed a second amended complaint (Dkt. 17), which the Court reviewed. The Court dismissed some of Plaintiff's claims, found that others could proceed, and then directed Plaintiff to file a third amended complaint incorporating only those claims that the Court found were permitted to proceed to service. (Dkt. 23).
The Court agrees with Defendant that Plaintiff has failed to state a claim against Defendant Sergeant Carney on which relief may be granted because Plaintiff has not alleged that Defendant was personally involved in any of the alleged constitutional violations. Defendant will be *24 dismissed from this action with prejudice. Plaintiff has had three opportunities to amend his complaint. Furthermore, there is no indication from the face of the third amended complaint that a valid claim might be stated against Defendant, given that Defendant is not mentioned other than in the caption and the list of defendants. See Cuoco v. Moritsugu , 222 F.3d 99, 112 (2d Cir. 2000) ("A pro se complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (emphasis added) ). In fact, in his counseled motion to amend the complaint that is currently pending before United States Magistrate Judge Jonathan W. Feldman, Plaintiff seeks to remove Sergeant Carney as a defendant. (Dkt. 63). That motion further supports Defendant's argument that he should not be named as a defendant in this action.
CONCLUSION
Because Plaintiff has failed to allege personal involvement, Defendant's motion to dismiss (Dkt. 37) is granted for failure to state a claim on which relief can be granted. Defendant is dismissed from this action with prejudice. The Clerk of Court is directed to dismiss Defendant Carney as a defendant in this action.
SO ORDERED.